### No. 863

### INDUSTRIAL COMM. v. PURNHAGEN

Ohio Appeals, 1st Dist., Hamilton Co.

No. 2628.   Decided May 4, 1925

631. INDUSTRIAL COMMISSION—Where Common Pleas Court has fixed attorney's fee on appeal from order of Commission, and the case is taken to the higher courts where judgment is sustained, Common Pleas cannot re-open the case by granting additional attorney's fee for services rendered in higher courts.

PER CURIAM.

This cause was originally tried in the Hamilton Common Pleas on an appeal filed by Nellie Purnhagen from an order of the Industrial Commission denying her the right to participate in the Workmen's Compensation Fund. The court entered judgment in Purnhagen's favor granting her compensation and an allowance of $1500 for attorney's fees. The Commission made a motion to re-tax the costs on the ground that the attorney's fee was disproportionate to the services rendered. This motion was overruled.

The case was taken to the Court of Appeals where the judgment including the granting of attorney's fees was affirmed. The Supreme Court sustained this judgment and it was paid in full.

On Nov. 1921, counsel for Purnhagen filed a motion in the Common Pleas for additional attorney's fees for services rendered in the Court of Appeals and the Supreme Court after judgment in the Common Pleas. He was granted

an additional $750. Error was prosecuted from this judgment to the Court of Appeals which held:

1. Statutes on a proceeding on appeal from the ruling of the Commission to the Common Pleas provide that, "The cost of such proceeding, including reasonable attorney's fees for claimants attorney, to be fixed by the trial judge, shall be taxed against the unsuccessful party."

2. Pursuant to this statute, the trial judge at the time of the appeal, fixed the attorney's fees and taxed same against the Commission.

3. The present case is not one in chancery, but purely a statutory proceeding.

4. The trial court, having fixed the attorney's fees, exhausted its power under the statute, and, upon review, final judgment was entered.

5. The trial court was without power to reopen the case for the purpose of considering further attorneys fee.

Judgment reversed and cause remanded with instructions to overrule motion allowing additional fee.

Attorneys—Chas. Bell, Pros. Atty., and Louis Schneider, Asst. Pros. for Commission; Frank Kunkle and Oliver G. Bailey for Purnhagen; all of Cincinnati.